**Jean KASSON, Plaintiff/Appellant,**

v.

**William KASSON,
Defendant/Respondent.**

**No. WD 35655.**

Missouri Court of Appeals,
Western District.

July 2, 1985.

Robert K. Waldo, Chinnery, Stover, Waldo, Huston & Bertram, Lee's Summit, for plaintiff/appellant.

L. Clay Barton, Cochran, Tyree, Osqald, Barton & McDonald, Blue Springs, for defendant/respondent.

Before TURNAGE, C.J., and MANFORD and BERREY, JJ.

TURNAGE, Chief Judge.

Jean Kasson brought suit to collect from her former husband, William, amounts which he had failed to pay under a dissolution decree and for amounts due under a new agreement. The court entered judgment in favor of Jean for $3,437.25, which it found due under the dissolution decree, but held that Jean's first amended petition did not allege a promise by William to pay under the new agreement. The single question presented is whether or not Jean's petition alleged that William had promised to make the payments under the agreement Jean and William entered into subsequent to the dissolution decree. Reversed and remanded.

The marriage of Jean and William was dissolved in May of 1977. As part of that proceeding, the parties entered into a property settlement agreement by which William was to pay certain obligations. Jean testified in this case that William had failed to live up to his obligations in the agreement, including the failure to make the payments on the house which had been awarded to her. As a result of William's failure to make the house payments, Jean was threatened with foreclosure.

William and Jean agreed that all of the obligations which William had assumed in the property settlement agreement, together with some of William's other debts, would be paid from the proceeds of a loan which was to be obtained with Jean's house as the security. The loan was obtained and a first deed of trust was given on Jean's house.

Jean testified that William promised to make the payments on the new loan, but

that he failed to do so and thus he owed her $19,345.64.

The trial court held that Jean's first amended petition did not allege that William had agreed to pay the new loan. The petition alleged the facts heretofore stated and further alleged that William's failure to make the payments on the new loan was a breach of his agreement under the property settlement and was "a breach of his agreement with the plaintiff made in 1979 at the time of the consolidation of the debts to continue making the payments on the new loan." The petition alleged that William's failure to make the payments on the new loan forced her to make the $400 per month payments in order to save her residence from foreclosure.

At the conclusion of the evidence the court stated that it would award judgment for the amount William failed to pay under the property settlement agreement, and if it thought the pleadings were broad enough to include the obligation under the new note, that it would make a finding that William agreed that he would pay that note and had not done so. However, the court was of the view that the petition did not allege a promise by William to pay the new note.

The portion of the pleading quoted above states that William agreed to pay the new note and had failed to do so. It is not necessary to resort to the familiar rule that pleadings are to be given a liberal construction and are to be accorded their reasonable and fair intendment. *See Stanfield v. National Electrical Contractors Association, Inc.*, 588 S.W.2d 199, 200[1] (Mo.App. 1979). The petition pleaded in plain language that William promised to pay the new note and no construction is necessary.

Furthermore, Jean testified without objection after the amended petition was filed that William agreed to pay the new note. Even if the petition did not allege a promise to pay the new note, this issue was tried with the consent of the parties and the court should have treated the issue as if it had been raised in the petition. Rule 55.-33(b).

The judgment is reversed and this cause is remanded for further proceedings.

All concur.